IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PUBLIC WAREHOUSING COMPANY K.S.C.,**<br>    Sulaibiya Main Building<br>    Beside Land Customs Clearing Area<br>    State of Kuwait<br><br>v.<br><br>**DEFENSE SUPPLY CENTER PHILADELPHIA**<br>    700 Robbins Avenue<br>    Philadelphia, PA  19111,<br><br>**THE DEFENSE LOGISTICS AGENCY**<br>    8725 John J. Kingman Road<br>    STE 1644<br>    Fort Belvoir, VA 22060-6221, **and**<br><br>**THE DEPARTMENT OF DEFENSE**<br>    1600 Defense Pentagon<br>    Washington, DC 20301-1600. | § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>Original Complaint<br><br>Date Received: _____<br><br><br>_____<br>United States District Court |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

For its complaint against Defense Supply Center Philadelphia ("DSCP"), the Defense Logistics Agency, and the U.S. Department of Defense ("DoD") (collectively, "Defendants"), Public Warehousing Company K.S.C. ("PWC" or "Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff PWC is a United States Government contractor and a Subsistence Prime Vendor for DSCP. Indeed, DSCP is the agency with which PWC has its largest and most lucrative contracts.

2.  PWC and DSCP have entered into three Prime Vendor contracts pursuant to which PWC provides food to the dining facilities of the U.S. Military in the Middle East. In 2003, PWC and DSCP executed Contract No. SPO300-03-D-3061 ("PV1"), which carried an estimated value of $1.4 billion. Subsequently, the parties entered into Contract Nos. SPM300-05-D-3119 ("PV Bridge"), with an estimated value of $1.5 billion, and SPM300-05-D-3128 ("PV2"), with an estimated value of $14 billion, in 2005.

3.  PV1 and PV Bridge both incorporated by reference Solicitation No. SPO300-02-R-4003 (the "PV1 Solicitation"). PV2 incorporated by reference Solicitation No. SPM300-04-R-0323 (the "PV2 Solicitation"). Both Solicitations include a clause entitled "REBATES/DISCOUNTS." This clause requires PWC to return to DSCP rebates and discounts "directly attributable to sales resulting from orders exclusively submitted by DSCP or its customers."

4.  All three Contracts have the same pricing structure. PWC charges DSCP a "Unit Price" for each item purchased. The Unit Price is the sum of the "Delivered Price" and the "Distribution Price." The Delivered Price is defined in the Contracts and Solicitations as "the manufacturer/supplier's actual invoice price (in U.S. currency) to deliver product to the Prime Vendor's . . . distribution point." The Distribution Price is a fixed amount reflecting PWC's additional costs, plus profit.

5.  PWC's PV1 Price Proposal submitted on or about August 14, 2002 included the

2

following statement: "Delivered Price is not reduced by cash discounts for prompt payment available to PWC or its supplier." In addition, PWC did not list prompt payment discounts among the types of rebates and allowances it promised to pass on to DSCP. At no point did DSCP object to these elements of PWC's Proposal.

      6.     During the PV2 Solicitation process, DSCP provided the opportunity for potential offerors to ask questions about the PV2 Solicitation. These questions and answers were published in PV2 Solicitation Amendment No. 0002, which was incorporated by reference into the PV2 Contract. One potential offeror requested "more clarity" as to the REBATES/DISCOUNTS clause. DSCP replied: "Based on the volume of product a PV purchases from a manufacturer, the manufacturer will offer rebates and discounts to the PV. These rebates and discounts must be passed on to DSCP and their customers." At no point did DSCP mention prompt payment discounts in its discussion of the REBATES/DISCOUNTS clause.

      7.     PWC's PV2 Price Proposal submitted on or about November 16, 2004 included the following statement: "Delivered Price is not reduced by cash discounts for prompt payment available to PWC or its supplier." In addition, PWC did not list prompt payment discounts among the types of rebates and allowances it promised to pass on to DSCP. At no point did DSCP object to these elements of the Proposal. This Proposal was incorporated by reference into the PV2 Contract.

8. On October 24, 2006, PV2 Contracting Officer Timothy Dlugokecki asked PWC, via e-mail, how it tracks prompt payment discounts. On October 26, 2006, Mr. Dlugokecki rescinded his question. He wrote:

> I was informed the following:
>
> Discounts or rebates by the prime vendor from its suppliers as a result of a prompt or early payment made by the prime vendor to such suppliers are not required to be passed to DSCP or its customers.

9. Given the different fonts, it was evident that the portion of his response following the colon had been cut and pasted from another document.

10. Recent solicitations for Prime Vendor Support issued by the DSCP Directorate of Subsistence include a revised version of the REBATES/DISCOUNTS clause. While this version and the version appearing in the PV1 and PV2 Solicitations are substantially similar, the new version includes the following text, appearing at part E:

> As described in this section, the terms "rebates" and "discounts" do not include any discounts or rebates by the Prime Vendor due to early or prompt payments to its suppliers. Discounts or rebates by the prime vendor from its suppliers as a result of a prompt or early payment made by the prime vendor to such suppliers are not required to be passed to DSCP or its customers.

11. The Department of Justice ("DOJ"), acting through the U.S. Attorney's Office (the "AUSA") in Atlanta, GA, recently commenced an investigation into whether these prompt or early payment rebates were improperly withheld from DSCP. Consequently, in January 2007, the Department of Defense Inspector General issued PWC a subpoena, requesting documents related almost exclusively to PWC's negotiation with and receipt of discounts from its

manufacturers and suppliers for early payment of their invoices. PWC denies any wrongdoing with respect to these early payment rebates as the evidence clearly demonstrates that both DSCP and PWC agreed that prompt payment rebates were never to be passed onto DSCP.

12. The DOJ is also investigating PWC's relationship with a preferred supplier to the DSCP contract, The Sultan Center ("TSC"). TSC is a Kuwaiti company that provides many local market items to PWC under the Prime Vendor contracts. The investigators appear to be interested in whether PWC and TSC are affiliated companies, and if so, whether this should have affected the prices charged by TSC for its products. Because TSC is neither a parent nor a subsidiary of PWC, and the parties work at arms length in their subcontract activities, PWC is confident that it will demonstrate that the DOJ's allegation is without merit.

13. As part of their evaluation of contractor proposals for government contracts, the government agencies are required by the Federal Acquisition Regulation (the "FAR"), 48 C.F.R. § 15.304(c)(3), to consider and evaluate prospective offerors' past performance. Indeed, past performance is often the most important factor that an agency considers in deciding which contractor should receive an award because it is an "indicator of an offeror's ability to perform the contract successfully." 48 C.F.R. § 15.305(a)(2)(i).

14. Because of the importance of past performance information in assisting a procurement agency's award decision, the FAR makes it mandatory for agencies to "prepare an evaluation of contractor performance for each contract that exceeds the simplified acquisition threshold at the time the work under the contract is completed." *See* 48 C.F.R. § 42.1502(a). In addition, the FAR states that "interim evaluations should be prepared as specified by the agencies to provide current information for source selection purposes, for contracts with a period

of performance, including options, exceeding one year." *Id.* Finally, the FAR states "[d]epartments and agencies *shall* share past performance information with other departments and agencies when requested to support future award decisions." 48 C.F.R. § 42.1503(c) (emphasis added).

15. Irrespective of the fact that the DOJ has only recently commenced its investigation and has not charged PWC with any wrongdoing, DSCP has refused to provide any procurement agency with past performance information on *any* of the Prime Vendor contracts, including those that have been completed. DSCP's sole rationale for refusing to provide such information is the pendency of the investigation. DSCP's refusal violates the FAR, 48 C.F.R. § 42.1503(c).

16. Because past performance information is so heavily weighted in a procurement agency's award decision, DSCP's refusal to provide such information on PWC's largest contract, representing about 90% of PWC's government business, has and will continue to have a significant and negative impact on PWC's ability to win government contracts. DSCP's refusal will irreparably harm PWC by significantly reducing, if not eliminating entirely, PWC's government business due to the absence of new contract awards. The government's investigation could go on for years, effectively meaning that PWC will not receive any past performance reviews for an indefinite and prolonged period of time.

17. PWC seeks appropriate judicial review of DSCP's actions. PWC asserts that DSCP's refusal to provide past performance information is an abuse of discretion and a violation of the FAR. The FAR requires DSCP to provide such past performance information on completed contracts such as PV1 and PV Bridge, requires DSCP to exercise some independent

6

discretion on issuing a past performance review on PV2 and requires DSCP to share information on all three contracts under any circumstances.

18. PWC further asserts that the tremendous impact on its business resulting from DSCP's continued refusal to provide past performance information on its largest contracts would be an unconstitutional deprivation of property without due process of law because PWC has a protected property interest in operating a business, and DSCP's continued refusal will result in a constructive debarment of PWC from the government contracting industry.

19. PWC would not have an adequate remedy at law if DSCP continues to refuse to provide such past performance information, thereby constituting a violation of the FAR and a deprivation of property. Therefore, PWC is entitled to declaratory judgment and injunctive relief requiring that DSCP provide the information required pursuant to federal law and regulation.

## PARTIES

20. PWC is a Kuwaiti corporation with U.S. subsidiaries. Its principal place of business is in Sulaibiya, Kuwait.

21. DSCP is a branch of the Defense Logistics Agency ("DLA"), which is a division of the U.S. Department of Defense. DSCP is primarily responsible for purchasing subsistence, textile products and medical items for the DoD. DSCP contracted with PWC as a Subsistence Prime Vendor.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

23. This Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§

7

2201-2202, as there is an actual case or controversy between the parties.

24.   This Court has jurisdiction pursuant to 28 U.S.C. § 1361 as Plaintiff's request for a mandatory injunction is, in effect, a request for a writ of mandamus.

25.   Venue is proper under 28 U.S.C. § 1391(e), as a U.S. government agency is the named defendant.

## GOVERNING STATUTORY PROVISIONS

26.   The Federal Acquisition Regulation (the "FAR"), 48 C.F.R. § 42.1503(c), requires that U.S. government departments and agencies share past performance information with other departments and agencies when requested to support future award decisions. The FAR has "the force and effect of law," as it was issued under statutory authority and published in accordance with statutory procedures. *Davies Precision Machining, Inc. v. United States*, 35 Fed. Cl. 651, 657 (1996).

27.   The Administrative Procedure Act (the "APA"), 5 U.S.C. § 702 authorizes (1) judicial review of an agency action, and (2) the award of injunctive relief to a plaintiff injured by said agency action.

## CAUSES OF ACTION

### COUNT I

**(Violation of the Federal Acquisition Regulation, 48 C.F.R. §§ 42.1502-.1503)**[1]

28.   PWC incorporates herein the allegations in paragraphs 1 through 19 of this

---

[1] While PWC provides detailed information on its federal government contracts, this action is not a contract action. PWC is not seeking to enforce any contractual obligation; rather, PWC is seeking to require DSCP to provide the past performance evaluations mandated by the FAR. In determining whether a claim "sounds in contract," the U.S. Court of Appeals for the District of Columbia Circuit will consider the (a) source of the rights upon which the claims are based and (b) the type of relief sought. *Albrecht v. Committee on Employee Benefits*, 357 F.3d 62, 68 (D.C. Cir. 2004); *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982). The Circuit has

Complaint.

29.     Under FAR § 42.1502(a), U.S. government departments and agencies, such as DSCP, are required to complete past performance evaluations of contractors which have completed government contracts with other departments and agencies, when requested to evaluate and support future contract awards. Under FAR § 42.1502(a), agencies should prepare interim evaluations for those contracts with period of performance exceeding one year, including options, in order to provide current information for source selection purposes. Finally, under FAR § 42.1503(c), agencies are required to share past performance information with agencies evaluating contractors for contract awards.

30.     DSCP's refusal to provide past performance evaluations, specifically for PV Bridge, a completed contract, is in violation of FAR § 42.1502(a).

31.     DSCP's refusal to provide interim evaluations of PV2, an ongoing contract, evaluations that are encouraged by FAR § 42.1502(a), violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) as such refusal on the sole and unreasoned basis that there is an ongoing investigation is arbitrary, capricious, and an abuse of discretion.

32.     DSCP's refusal to share past performance information with respect to any of its contracts with PWC with requesting procurement agencies violates FAR § 42.1503(c).

33.     Linda L. Ford, the Contracting Officer for DSCP, and her successors in office, are personally responsible for DSCP's compliance with FAR §§ 42.1502(a) and .1503(c) and 5 U.S.C. § 706(2)(A).

34.     DSCP's refusal to provide such past performance evaluations and information on

---

rejected the view that "any case requiring some reference to or incorporation of a contract is necessarily on the contract and therefore directly within the Tucker Act." *Megapulse*, 672 F.2d at 967-68.

behalf of PWC to other agencies has caused and will continue to cause irreparable harm to PWC's business, i.e., its ability to be awarded government contracts. Such irreparable, indirect harm would constitute a *de facto* or constructive debarment of PWC.

## COUNT II

### (Violation of Constitutional Due Process Rights Under the Fifth Amendment)

35. PWC incorporates herein the allegations in paragraphs 1 through 19 of this Complaint.

36. DSCP's refusal to provide contracting officers with past performance evaluations and information related to PWC constitutes a constructive debarment of PWC from the government contracting industry. Without an opportunity for PWC to challenge DSCP's refusal before this Court, such a refusal by DSCP deprives PWC of its property without due process of law in violation of the Fifth Amendment of the United States Constitution.

## REQUEST FOR RELIEF

WHEREFORE, PWC respectfully requests this Court:

a.  for a declaratory judgment order stating that

   1. DSCP's refusal to provide past performance information and evaluations related to PWC to requesting procurement agencies constitutes a violation of the FAR, a federal regulation;

   2. Such a violation of the FAR leaves PWC with no adequate or available remedy at law;

   3. PWC has a constitutionally protected property right to operate its business;

   4. DSCP's refusal would constitute a constructive debarment of PWC,

        meaning that PWC would be deprived of its property right to operate its business if DSCP continues to refuse to provide other agencies with past performance evaluations and information related to PWC;

    5. Under the Fifth Amendment of the United States Constitution, PWC is entitled to due process before it can be deprived of its property right to operate its business;

b. for an order

    1. requiring DSCP to provide other procurement agencies with past performance evaluations and information related to PWC;

    2. requiring an expedited hearing to be held in which DSCP must demonstrate to this Court that its refusal does not unfairly and improperly deprive PWC of its property rights; this expedited hearing shall permit PWC to fully participate and offer arguments in opposition to DSCP's refusal to provide other agencies with past performance evaluations and information related to PWC;

c. for an award of attorney fees and costs, and

d. for such other relief as the Court may deem appropriate.

DATED: March 15, 2007

Respectfully submitted,

_____
Michael R. Charness
D.C. Bar No. 289322
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Ave. Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6640

ATTORNEYS FOR PUBLIC WAREHOUSING
COMPANY K.S.C.

DC 659268v.1

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

PUBLIC WAREHOUSING COMPANY K.S.C.

## DEFENDANTS

DEFENSE SUPPLY CENTER PHILADELPHIA,
THE DEFENSE LOGISTICS AGENCY, and
THE DEPARTMENT OF DEFENSE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  99999
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Ave. Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6604

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⦿ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

⦿ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Administrative Procedure Act, 5 USC § 702, Defendants violated the APA by violating provisions of the Federal Acquisition Regulation.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ N/A   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 3/15/07   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## CERTIFICATE OF SERVICE

I certify that on the **15th** day of **March, 2007** a true and correct copy of the foregoing was forwarded to the following known counsel of record by **certified mail return receipt requested**, as follows:

***Defendants:***

Office of Counsel
Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA 19111

Department of Defense- Office of General Counsel
1600 Defense Pentagon
Washington, DC 20301-1600

Defense Logistics Agency- Office of General Counsel
8725 John J. Kingman Road
STE 1644
Fort Belvoir, VA 22060-6221

Office of Attorney General
U.S. Department of Justice
Room B-103
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney Jeffrey A. Taylor
United States Attorneys Office for District of Columbia
Attn: Civil Process Clerk
501 3rd Street, NW
Washington, DC 20530

_____
Michael R. Charness