## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PUBLIC WAREHOUSING COMPANY  §
K.S.C.,                      §
                            §
v.                           §        CIVIL ACTION NO. _____
                            §
DEFENSE SUPPLY CENTER        §
PHILADELPHIA, THE DEFENSE    §
LOGISTICS AGENCY, and THE    §
DEPARTMENT OF DEFENSE.       §

---

## MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

---

Public Warehousing Company K.S.C. ("PWC") moves this Court for leave to take expedited discovery pursuant to Federal Rules of Civil Procedure 26(d), 33(a), and 34(b). This motion is filed simultaneously with PWC's Complaint, Motion for Preliminary Injunction, Memorandum of Points and Authorities in support thereof, and accompanying Declarations (the "Injunction Filings") that seek a mandatory injunction requiring the Defense Supply Center Philadelphia ("DSCP"), the Defense Logistics Agency, and the U.S. Department of Defense ("DoD") (collectively, the "Defendants") to provide past performance information and evaluations to procurement agencies requesting such information for purposes of evaluating PWC's capabilities for contract awards. DSCP's continued refusal to provide such past performance information and evaluations is in violation of the Federal Acquisition Regulation, (the "FAR") 48 C.F.R. §§ 42.1502-.1503, and is harming PWC irreparably as more fully described in the Injunction Filings. In support of this motion, Plaintiff states that the expedited responses to these discovery requests are necessary to enable Plaintiff to obtain supporting

information and materials to assist in presenting its case for preliminary and permanent injunctive relief, a hearing for which Plaintiff has separately requested to be scheduled by this Court at its earliest opportunity.

## ARGUMENT

PWC seeks leave of this Court to pursue expedited discovery in order to be able to present its case at an injunction hearing. Specifically, PWC has alleged that DSCP's failure to provide past performance information and evaluations to agencies evaluating PWC for contract awards has had, and will continue to have, a significant impact on PWC's ability to be fairly considered for these contracts. Expedited discovery is necessary to establish how long DSCP has refused agency requests for this critical source selection evaluation data, and for which procurements such information has been denied. Answers to both of these questions will assist PWC in establishing the irreparable harm that it must demonstrate to succeed on the merits of its suit. "Courts have wide discretion with respect to discovery and Federal Rule of Civil Procedure 34(b) expressly provides that courts may expedite discovery." *Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). Further, "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Id.* (citing *Optic-Electronic Corp. v. United States*, 683 F. Supp. 269, 271 (D.D.C. 1987)). Importantly, this District has recognized the additional urgency with respect to constitutional challenges, such as that raised by PWC. Indeed, "courts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action." *Id.* Therefore, PWC requests that the Court enter an order requiring discovery responses to be provided on an expedited basis.

Specifically, PWC seeks expedited discovery of documents related to its past

2

performance information and evaluations under its contracts with DSCP, i.e., Contract Nos. SPO300-03-D-3061 ("PV1"), SPM300-05-D-3119 ("PV Bridge"), and SPM300-05-D-3128 ("PV2"). Such expedited discovery would include, but not be limited to:

(1)     any information or documents, electronic or otherwise, that relate to how long DSCP has been refusing to provide procurement agencies with past performance information and evaluations regarding PWC when requested for such information;

(2)     any information or documents, electronic or otherwise, that identify which procurement agencies have requested such past performance information and/or evaluations from DSCP regarding PWC; and

(3)     any information or documents, electronic or otherwise, that relate to any requests DSCP has received for past performance information and/or evaluations regarding PWC, and DSCP's responses to these requests.

This information is vital to PWC's claim for injunctive relief, and thus it is necessary for PWC to obtain DSCP's expedited responses prior to any injunction hearing set by this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff PWC respectfully requests that its motion for leave to take expedited discovery be granted.

DATED: March 15, 2007

3

Respectfully submitted,

Michael R. Charness
D.C. Bar No. 289322
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Ave. Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6640


ATTORNEYS FOR PUBLIC WAREHOUSING
COMPANY K.S.C.




## CERTIFICATE OF CONFERENCE

Due to the fact that Plaintiff has filed today and opposing counsel has not yet made an appearance in this case, we have been unable to confer as to our Motion for Expedited Discovery. Plaintiff has served all parties via certified mail. If opposing counsel agrees to expedited discovery, it should so notify the court.

Attorney for Plaintiff

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PUBLIC WAREHOUSING COMPANY K.S.C.,** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. _____** |
| **DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE.** | § § § § § | |

## ORDER FOR EXPEDITED DISCOVERY

Upon consideration of the authority described in Plaintiff's motion for leave to take expedited discovery, it is hereby:

ORDERED, that Plaintiff may propound requests for declarations, interrogatories, and production upon Defendants, and that responses to these requests will be provided on an expedited basis, in order for PWC be able to present its case at a combined preliminary and permanent injunction hearing to be set by this Court no later than March ___, 2007.

_____
UNITED STATES DISTRICT COURT JUDGE

DC 657642v.1