IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PUBLIC WAREHOUSING COMPANY K.S.C.,** | § § § | |
| **v.** | § § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| **DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE.** | § § § § § | |

## MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Public Warehousing Company K.S.C. ("PWC") respectfully submits this Motion for Protective Order in response to the Defendants' (collectively "DSCP") Supplement to its Consolidated Motion to Dismiss ("Supplement"). The Supplement attached the Contractor Performance Assessment Reporting System (CPARS) evaluation of the parties' PV Bridge contract. (*See* Exhibit 2 to DSCP's Supplement to Defendants' Consolidated Motion to Dismiss.) Under the Federal Acquisition Regulation ("FAR"), such Source Selection Information is not permitted to be released to the public. *See* 48 C.F.R. 42.1503(b). DSCP's filing of the CPARS evaluation was, therefore, a violation of the FAR. The parties have conferred and DSCP's counsel has stated that it will not oppose this motion. Therefore, PWC requests that the Court issue a protective order for this CPARS evaluation and remove it from the public record.

## Argument

While the public has a common law right of access to inspect and copy judicial records, that right is not absolute. *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597-98 (1978). Under the FAR, evaluations of a contractor's performance are considered "Source Selection Information," 48 C.F.R. 42.1503(b), and such evaluations "**shall not be released to other than Government personnel and the contractor whose performance is being evaluated** during the period the information may be used to provide source selection information." *Id.* (emphasis added). The heading of a CPARS evaluation, including the one filed by DSCP in this litigation, reiterates this FAR provision by stating that the evaluation is "Source Selection Sensitive Information" (*see* CPARS evaluation, attached as Ex. 2 to DSCP's Supplement), citing to the provision of the FAR that permits information to be so described because "its disclosure would jeopardize the integrity or successful completion of the Federal agency procurement to which the information relates." *See* 48 C.F.R. 42.2101. The cover letter to the CPARS evaluation *which DSCP sent* to PWC even advises PWC to "[p]rotect the CPARS assessment as 'source selection information,'" and to "[s]trictly control access to the CPARS assessment within your [PWC] organization. Ensure it is never released to persons or entities outside of your control.'" (*See* Electronic Cover Letter to PV Bridge CPAR, submitted as Exhibit A.)

The FAR explicitly states why these evaluations must not enter the public forum: "Disclosure of such information **could cause harm both to the commercial interest of the Government and to the competitive position of the contractor being evaluated as well as**

**impede the efficiency of Government operations."** *Id.* (emphasis added).  In failing to file the CPARS evaluation under seal, DSCP violated § 42.1503(b) of the FAR.[1]

PWC was notified by the Court's Electronic Filing System on the morning of Friday, April 13, the same day that PWC's Opposition to DSCP's Motion to Dismiss was due, that DSCP had filed a Supplement to its Motion.  (*See generally* Supplement.)  As soon as PWC became aware of the fact that DSCP had attached the CPARS evaluation for the PV Bridge contract to its Supplement, a public filing, PWC alerted DSCP's counsel that its filing violated § 42.1503(b) of the FAR, and that the CPARS evaluation should have been filed under seal.  After asking for further explanation, DSCP's counsel stated it would discuss with its client the filing of a motion for protective order to rectify the situation; however, opposing counsel was not inclined to file such a motion.  On Monday, April 16, DSCP had not filed any such motion and did not contact Plaintiff's counsel regarding its status.  PWC once again contacted DSCP's counsel in order to determine why the motion had not been filed.  DSCP's counsel stated that it did not believe a protective order was necessary.  PWC cited to the FAR provision that restricts public access to such source selection information.  DSCP's counsel responded that its client did not believe the CPARS evaluation to be "source selection information."  PWC then cited to the FAR provision that states such evaluations are in fact deemed "source selection information."  The conference ended without a commitment from DSCP's counsel to file a motion for protective order, and therefore PWC was compelled to file this motion.

---

[1] PWC contacted DSCP's counsel and asked DSCP to amend its filing and file its Supplement under a protective order.  PWC explained that the release of a CPARS evaluation to the public was violative of the FAR.  Irrespective of this clear violation, DSCP refused to amend its filing or file its own motion for protective order.

3

## REQUEST FOR RELIEF

WHEREFORE, for the reasons stated in this Motion, PWC requests that the Court grant its Motion for Protective Order and remove Exhibit 2 to Defendants' Supplement to its Consolidated Motion to Dismiss from the record.

DATED:  April 17, 2007

                                                  Respectfully submitted,

                                                 /s/  Michael R. Charness
                                                Michael R. Charness
                                                D.C. Bar No. 289322
                                                VINSON & ELKINS, L.L.P.
                                                The Willard Office Building
                                                1455 Pennsylvania Avenue, Suite 600
                                                Washington, D.C. 20004
                                                Telephone:  (202) 639-6780
                                                Facsimile:  (202) 639-6640

                                                ATTORNEYS FOR PUBLIC WAREHOUSING
                                                COMPANY K.S.C.

## CERTIFICATE OF CONFERENCE

On Tuesday, April 17th, counsel for Public Warehousing Company contacted counsel for the Defendants to determine if they opposed this motion.  Defendants' counsel stated they would not oppose a Motion for Protective Order.

                                                 /s/  Michael R. Charness
                                                Michael R. Charness

**CERTIFICATE OF SERVICE**

   I certify that on the 17th day of April, 2007 a true and correct copy of the foregoing was filed and served using the Court's ECF system to all parties as follows:

*Defendants:*

Office of Counsel
Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA  19111

Department of Defense- Office of General Counsel
1600 Defense Pentagon
Washington, DC 20301-1600

Defense Logistics Agency- Office of General Counsel
8725 John J. Kingman Road
STE 1644
Fort Belvoir, VA 22060-6221

Office of Attorney General
U.S. Department of Justice
Room B-103
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Assistant United States Attorney Quan K. Luong
United States Attorney's Office for District of Columbia
501 3rd Street, NW
Washington, DC 20530


                /s/  Michael R. Charness
                Michael R. Charness

# EXHIBIT A

**From:** Do-Not-Reply [mailto:webptsmh@navy.mil]
**Sent:** Fri 4/13/2007 12:44 AM
**To:** Toby Switzer
**Cc:** Linda Ford
**Subject:** CPARS Notification (Contract: SPM30005D3119) - Do Not Reply!

--------------------------------
04/12/2007 17:44:08
--------------------------------

CPARS NOTIFICATION
http://cpars.navy.mil
--------------------------------
Sent By/Respond To: linda.ford@dla.mil

PWC Logistics
PO Box 25418
Safat, Kuwait, 13115

SUBJECT: CPARS Final assessment for CONTRACT SPM30005D3119

Dear TOBY SWITZER:

   Good performance by Federal contractors is essential. The Federal Acquisition Regulation requires all Federal agencies to collect past performance information on contracts. CPARS has been implemented to comply with this regulation and to ensure that source selection officials have a detailed assessment of contractors' past performance. We have performed an evaluation of your company's work on contract SPM30005D3119 for the period 02/16/2005 through 12/04/2005.

   Your CPARS assessment is accessible on the Internet at: http://cpars.navy.mil. At the website select the CPARS module. A Department of Defense (DoD) Public Key Infrastructure (PKI) Certificate will be required for all DoD and Contractor users. Log on to the production system and access the record via your 'To Do List'. You are encouraged to review the assessment, provide comments, and indicate your concurrence/non-concurrence with the Government's review. Finally, select 'Validate and Send to the Assessing Official' to forward the report. Comments are limited to the space provided (approximately 3 typed pages) and should focus on objective facts in the Government's narrative as well as providing your views on the causes and ramifications of the assessed performance. Your response is due back to our office within 30 calendar days after receipt of this notification.

   If you do not sign and return the assessment within thirty (30) calendar days after receipt of this notification, the Government will have the option to annotate the assessment as follows and continue processing the assessment: 'The report was delivered/received by the contractor on 04/12/2007. The contractor neither signed nor offered comment in response to this assessment.' Also, partially completed comments that are not signed and returned to the Government shall be removed from the CPARS assessment.

   The following guidelines apply concerning your use of the CPARS assessment:

4/17/2007

   a. Protect the CPARS assessment as 'source selection information.' After review, transmit the CPARS assessment back to our office by completing and submitting the form through the automated information system. If for some reason you are unable to view and/or submit the form through the automated system, contact the focal point for instructions. The focal point for DSC PHILADELPHIA PA is MARYANN DIMEO, who can be reached at (215)737-3726.

   b. Strictly control access to the CPARS assessment within your organization. Ensure it is never released to persons or entities outside of your control.

   c. Prohibit the use of or reference to CPARS assessment data for advertising, promotional material, pre-award surveys, production readiness reviews, or other similar purposes.

   If you desire a meeting to discuss this CPARS assessment, it should be requested in writing no later than seven days following your receipt of this notification. A meeting will then be held during your 30-day review period.

   A copy of this CPARS assessment will be available through the automated system once it is completed by the Government. You will receive an automated email notification at the time of completion.

   The CPARS process is designed to fairly evaluate your performance under this specific contract. The guidelines used to prepare this CPARS assessment are available on the Internet at the website provided above. If you have any questions, feel free to contact me at 215-737-7804 or linda.ford@dla.mil.

Sincerely,

LINDA FORD

ASSESSING OFFICIAL


****************************NOTICE****************************************
This transmittal and/or attachments have been issued by Agility. The information contained here within may be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify us immediately by reply or by telephone (Tel. +965-809-222) and immediately delete this message and all its attachments.

4/17/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PUBLIC WAREHOUSING COMPANY K.S.C.,** | § § § | |
| **v.** | § § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| **DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE.** | § § § § | |

## PROTECTIVE ORDER

This matter having been brought before the Court upon motion of Plaintiff Public Warehousing Company K.S.C. ("PWC") for a protective order with respect to the supplemental filing by Defendants (collectively "DSCP") of the Contractor Performance Assessment Reporting System (CPARS) evaluation of the parties' PV Bridge contract, and for good cause shown,

IT IS hereby ORDERED that the Motion for Protective Order is GRANTED and the CPARS evaluation will be sealed and removed from the record

.

_____
UNITED STATES DISTRICT JUDGE