IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., | § § § | |
| v. | § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| | § | |
| DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. | § § § § | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND SUPPLEMENT ITS PLEADINGS, AND MOTION TO FILE PLEADINGS UNDER SEAL**

Plaintiff Public Warehousing Company K.S.C. ("PWC") asks leave of the court to amend, under seal, its Complaint and to supplement, under seal, its Opposition to Defendants' Motion to Dismiss and Reply in Support of Plaintiff's Motion for Preliminary Injunction ("Plaintiff's Opposition") and its Motion for Preliminary Injunction. The limited purpose behind amending and supplementing these pleadings is to respond to certain limited portions of the Defendants' Supplement to its Motion to Dismiss and Opposition to Plaintiff's Application for Permanent Injunction ("Defendants' Supplement").

Plaintiff further moves this Court to seal the accompanying Amended Complaint (Exhibit A), the Supplement to Plaintiff's Motion for Preliminary Injunction (Exhibit B), and the Supplement to Plaintiff's Opposition (Exhibit C). Plaintiff also moves to seal all subsequent associated filings and orders until further order of the Court.

## MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S OPPOSITION

According to Rule 15, "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d).

On Friday, April 13th, the due date for Plaintiff's Opposition brief, Defendants filed a supplement to their Motion to Dismiss. Defendants' Supplement included an attachment, labeled Exhibit #2, which clearly on its face was highly sensitive Source Selection Information. On April 18th, the Court granted Plaintiff's Motion for a Protective Order sealing Defendants' Exhibit #2. As discussed below, due to the highly sensitive, non-public information included in the attachment, any substantive discussion of that attachment must, by necessity, also be filed under seal. These additional procedural safeguards made it impossible for Plaintiff to immediately respond to Defendants' Supplement.

PWC respectfully requests leave of the court to supplement its Opposition to respond to Defendants' Supplement under seal for the limited purpose of substantively addressing Defendants' Exhibit #2.

## MOTION FOR LEAVE TO AMEND THE COMPLAINT AND SUPPLEMENT THE MOTION FOR PRELIMINARY INJUNCTION

Once a party has been served with a responsive pleading it may amend a pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Additionally, where occurrences have happened after the date of the original pleading, the Court may allow a party to supplement its pleading. *See*

Fed.R.Civ.P. 15(d). Justice requires that Plaintiff be allowed to amend and supplement its pleadings, because interceding events have made it clear that Plaintiff must seek additional remedies to be afforded complete relief for the irreparable harm threatened by Defendants' actions and inactions.

As discussed in the attached Supplement to Plaintiff's Opposition, the information contained in Defendants' Contractor Performance Assessment Reporting System ("CPARS") evaluation of the PV Bridge contract contains inappropriate, speculative and highly damaging information unrelated to PWC's performance of the PV Bridge contract. Additionally, Defendants' Motion to Dismiss stated that there was no guarantee that Defendants would not continue to release this type of information. (Defendants' Memorandum at pp. 13-14)[1] It should be noted from the outset that this information consists entirely of unproven allegations for which PWC has had no opportunity to respond and rebut. Defendants' release of this information to agencies considering contracting with Plaintiff will stigmatize PWC by creating an indelible black mark on PWC's reputation that will prevent PWC from being awarded new government contracts. Thus, on the basis of Defendants' release of inappropriate, unrelated and unproven information, PWC will be constructively debarred, without due process of law, from being able to seek new government contracts.

As such, Plaintiff seeks to amend and supplement its pleadings to afford complete relief from the stigma caused by Defendants' actions, by enjoining Defendants' release of such unproven and unsubstantiated allegations.

---

[1] Memorandum of Points and Authorities in Support of Defendants' Consolidated Motion to Dismiss and Opposition to Plaintiff's Application for Permanent Injunction.

**MOTION TO SEAL**

While the public has a common law right of access to inspect and copy judicial records, that right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). As addressed above, Plaintiff moved to supplement its Opposition for the limited purpose of addressing Defendants' Exhibit #2, a CPARS evaluation of the PWC Bridge contract. Under the FAR, evaluations of a contractor's performance are considered "Source Selection Information," 48 C.F.R. 42.1503(b), and such evaluations "**shall not be released to other than Government personnel and the contractor whose performance is being evaluated** during the period the information may be used to provide source selection information." Id. (emphasis added). On April 18th, upon Plaintiff's Motion for a Protective Order, this Court placed the CPARS evaluation under seal.

Similarly, Plaintiff's amended and supplemented pleadings[2] as well as all subsequent associated filings and orders should also be placed under seal until further order of the Court. There is no way to substantively address the information contained in the CPARS evaluation without revealing the substance of that sealed evaluation. Disclosure of that information would "cause harm both to the commercial interest of the Government and to the competitive position of the contractor being evaluated as well as impede the efficiency of Government operations." 48 C.F.R. § 42.2101.

**REQUEST FOR RELIEF**

WHEREFORE, for the reasons stated in this Motion, PWC requests that the Court grant its motion for leave to amend its Complaint and supplement Plaintiff's Opposition and Motion

---

[2] This would include the Supplement to Plaintiff's Opposition, the Supplement to Plaintiff's Motion for Preliminary Injunction and Plaintiff's Amended Complaint.

for Preliminary Injunction as well as its motion to seal those pleadings and any and all related documents and subsequent associated filings and orders.

DATED: April 18, 2007

                                                  Respectfully submitted,

                                                  /s/ Michael R. Charness
                                                  Michael R. Charness
                                                  D.C. Bar No. 289322
                                                  VINSON & ELKINS, L.L.P.
                                                  The Willard Office Building
                                                  1455 Pennsylvania Avenue, Suite 600
                                                  Washington, D.C. 20004
                                                  Telephone: (202) 639-6780
                                                  Facsimile: (202) 639-6640

                                                  ATTORNEYS FOR PUBLIC WAREHOUSING
                                                  COMPANY K.S.C.

## CERTIFICATE OF CONFERENCE

    On April 18th, counsel for Public Warehousing Company K.S.C. contacted counsel for the Defendants to see if they opposed these motions. Defendants' counsel responded that he objects to these motions to the extent that they might disrupt the existing case schedule or limit Defendants' preparation and response time.

                                                             /s/ Michael R. Charness
                                                             Michael R. Charness

**CERTIFICATE OF SERVICE**

      I certify that on the 18th day of April, 2007 a true and correct copy of the foregoing was filed and served using the Court's ECF system to all parties as follows:

*Defendants:*

Office of Counsel
Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA  19111

Department of Defense- Office of General Counsel
1600 Defense Pentagon
Washington, DC 20301-1600

Defense Logistics Agency- Office of General Counsel
8725 John J. Kingman Road
STE 1644
Fort Belvoir, VA 22060-6221

Office of Attorney General
U.S. Department of Justice
Room B-103
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Assistant United States Attorney Quan K. Luong
United States Attorney's Office for District of Columbia
501 3rd Street, NW
Washington, DC 20530


                                              /s/  Michael R. Charness
                                               Michael R. Charness

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., | § § § | |
| v. | § § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. | § § § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

# FILED UNDER SEAL

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., | § § § | |
| v. | § § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. | § § § § § | |

SUPPLEMENT TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED HEARING

# FILED UNDER SEAL

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., | § § § | |
| v. | § § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. | § § § § § | |

SUPPLEMENT TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PUBLIC WAREHOUSING COMPANY K.S.C.,** | § § § | |
| **v.** | § § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| **DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE.** | § § § § | |

**ORDER**

This matter having been brought before the Court upon motion of Plaintiff Public Warehousing Company K.S.C. ("PWC") for leave to amend its Complaint and to supplement both its Motion for Preliminary Injunction and its Opposition to Defendant's Consolidated Motion to Dismiss, and upon Plaintiff's Motion to Seal the Amended Complaint, the Supplement to Plaintiff's Motion for Preliminary Injunction, the Supplement to Plaintiff's Opposition, and all subsequent associated filings and orders, for good cause shown,

IT IS hereby ORDERED that Plaintiff is GRANTED leave to file its Amended Complaint, its Supplement to Plaintiff's Motion for Preliminary Injunction, and its Supplement to Plaintiff's Opposition to Defendant's Consolidated Motion to Dismiss.

It is further ORDERED that Plaintiff's Motion to Seal is GRANTED, and that Plaintiff's amended and supplemental pleadings, as well as all related subsequent filings and orders, are sealed and removed from the record.

_____
UNITED STATES DISTRICT JUDGE