IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., | § § § | |
| v. | § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| | § | |
| DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. | § § § § § | |

**SUPPLEMENT TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

On April 13, 2007, Defendants Defense Supply Center Philadelphia, the Defense Logistics Agency, and the Department of Defense (collectively "DSCP") submitted its recently completed Contractor Performance Assessment Reporting System evaluation ("CPARS evaluation"). Under Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiff Public Warehousing Company K.S.C. ("PWC") files this Supplement to its Opposition to Defendant's Motion to Dismiss and Reply in Support of its Motion for Preliminary Injunction in order to address the events (*i.e.*, the filing of the CPARS evaluation for the PV Bridge contract) that have transpired since the date of the original pleading. FED. R. CIV. P. 15(d). Specifically, the substance of this CPARS evaluation bolsters PWC's claim that DSCP's actions are constructively debarring PWC from competing for future government contracts and that DSCP has violated the Fifth Amendment by taking PWC's property right in its business without due process.

## ARGUMENT AND AUTHORITIES

### The CPAR Evaluation Relating to PV Bridge Inappropriately Discusses Non-Performance Related Information.

On April 13, 2007, DSCP submitted to the Court its recently completed CPAR evaluation of PWC's "performance" of the PV Bridge contract. (*See generally* DSCP's Supplement to its Consolidated Motion to Dismiss, Ex. 2.) PWC received grades of "very good" (purple) or "excellent," (dark blue) with only one grade of "satisfactory" (green), for its performance of the PV Bridge contract. (*See id.* at 2.) Additionally, DSCP stated in its narratives that "PWC's performance results were high fill rates contributing to high customer satisfaction, few customer complaints and on-time delivery no matter how harsh conditions might be." (*See id.*) Despite these performance accolades, DSCP concluded its CPAR evaluation by (1) referencing in detail the investigation being conducted by the Department of Justice, and (2) stating that, as a contracting agency, it "might or might not award to [PWC] today given that [DSCP] had a choice." (*Id.* at 3.)

Such a reference by DSCP was entirely inappropriate, unjustified and extremely harmful to PWC. The CPAR evaluation is supposed to be an analysis of the contractor's <u>performance</u> of a given contract, and not an opportunity to disseminate unproven allegations asserted by a third party. Section 42.1501 of the FAR describes the elements of past performance:

> [it] includes, for example, the contractor's record of conforming to contract requirements and to standards of good workmanship; the contractor's record of forecasting and controlling costs; the contractor's adherence to contract schedules, including the administrative aspects of performance; the contractor's history of reasonable and cooperative behavior and commitment to customer satisfaction; and generally, the contractor's business-like concern for the interest of the customer.

48 C.F.R. 42.1501. Thus, the CPAR evaluation must be based on *objective performance criteria.* Specifically:

> [t]he CPAR assesses a Contractor's performance and provides a record, both positive and negative, on a given contract during a specific period of time. Each assessment *must be based on objective data* (or measurable subjective data when objective data is not available) and be supportable by program and contract management data, such as cost performance reports, customer comments, quality reviews, technical interchange meetings, financial solvency assessments, production management reviews, contractor operations reviews, functional performance evaluations, certificates of service, earned contract incentives, etc. Subjective assessments concerning the cause or ramifications of the Contractor's performance may be provided; however, speculation or conjecture shall not be included.

Contractor Performance Assessment Reporting System, Department of the Navy, § 1.2, February 2004, *available at* http://cpars.navy.mil/cparsfiles/pdfs/navycparsmanual.pdf (emphasis in original, footnote omitted); *see also* CPARS Brochure, Contractor Performance Assessment Reporting System website, *available at* http://www.cpars.navy.mil/cparsfiles/pdfs/cparsbro.pdf (last visited April 18, 2007) ("Each report card is based on objective facts and is supported by program and contract management data.").

This was one of PWC's greatest concerns: that DSCP would inappropriately refer to the DOJ investigation[1] – an investigation that is based on unsubstantiated allegations and in which no charges, either civil or criminal, have been filed – thereby unjustifiably stigmatizing PWC, resulting in a constructive debarment of PWC and preventing them from realistically being able to compete for future government contracts. DSCP abused its discretion by including such non-performance related information, and its actions constitute a constructive debarment of PWC and an unconstitutional taking. While the DOJ's investigation is nothing more than unsubstantiated allegations, because of this CPAR evaluation PWC has been stripped of its due process rights

---

[1] The CPAR report also states that the investigation began in November 2005. PWC believes that this is in error, and that the investigation began in November 2006.

under the 5th Amendment. To permit DSCP to file such comments and conclusions in a CPAR evaluation would be a complete disregard for justice.

## CONCLUSION

PWC has demonstrated that it faces imminent harm due to DSCP's failure to provide past performance information and its inappropriate and unjustified reference to the Department of Justice investigation in its CPARS evaluation, and this imminent harm can only be redressed by injunctive relief. Plaintiff PWC respectfully requests that the Court deny Defendants' Motion to Dismiss and grant Plaintiff's Motion for Preliminary Injunction, and any other such relief to which PWC may be entitled.

DATED: April 18, 2007

Respectfully submitted,

/s/ Michael R. Charness
Michael R. Charness
D.C. Bar No. 289322
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6640

ATTORNEYS FOR PUBLIC WAREHOUSING
COMPANY K.S.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., | § § § | |
| v. | § | CIVIL ACTION NO. _____ |
| DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. | § § § § § § | |

**ORDER FOR PRELIMINARY INJUNCTION**

Under the authority of the Federal Rule of Civil Procedure 65, it is hereby ORDERED that, pending the resolution of the merits of this action, Defense Supply Center Philadelphia, the Defense Logistics Agency, and the U.S. Department of Defense, and those acting under their direction or in concert with them, are instructed to provide requesting procurement agencies with past performance information and evaluations related to Plaintiff.

It is further ORDERED that Defendants are enjoined from referencing the Department of Justice investigation relating to Plaintiff in past performance evaluations or in the provision of past performance information.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that on the 18th day of April, 2007 a true and correct copy of the foregoing was filed and served using the Court's ECF system, and served via hand delivery to the United States Attorney's Office and via first class mail to all other parties as follows:

***Defendants:***

**First Class Mail**
Office of Counsel
Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA 19111

Department of Defense- Office of General Counsel
1600 Defense Pentagon
Washington, DC 20301-1600

Defense Logistics Agency- Office of General Counsel
8725 John J. Kingman Road
STE 1644
Fort Belvoir, VA 22060-6221

Office of Attorney General
U.S. Department of Justice
Room B-103
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**Hand Delivery**
Assistant United States Attorney Quan K. Luong
United States Attorney's Office for District of Columbia
501 3rd Street, NW
Washington, DC 20530

/s/ Michael R. Charness
Michael R. Charness