RECEIVED
APR 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., § § § | |
| v. § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| § § | |
| DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. § § § § | |

**SUR-REPLY OF PLAINTIFF PUBLIC WAREHOUSING COMPANY K.S.C. TO DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

In their Reply, Defendants (collectively "DSCP") continue to ignore the primary distinguishing factor between the case at bar and every case to which DSCP cites: PWC is not challenging a procurement or a proposed procurement. Rather, PWC is challenging DSCP's universal decision, unrelated to any single procurement, to (1) refuse to provide past performance information to any other government agency regardless of purpose, and (2) inappropriately refer to the Department of Justice's investigation in any CPARS evaluation because this decision will harm PWC in connection with any and all current and future solicitations in which PWC wishes to participate so long as the DOJ investigation is ongoing. A thorough examination of the relevant case law, including *Advanced Systems Technology, Inc. v. Barrito*, a case on which DSCP relies in its reply, reveals that, under the Administrative Dispute Resolution Act (the "ADRA"), the Court of Federal Claims only has jurisdiction with respect to claims brought by a bidder, i.e., an interested party, that concern a specific existing procurement

or proposed procurement. PWC's complaint is that it is being constructively debarred and deprived of its due process rights with respect to all of its present and future business opportunities. Because a specific existing or a specific proposed procurement is not the focus of PWC's complaint, the ADRA does not apply and the jurisdiction of this Court is proper.

## II. ARGUMENT AND AUTHORITIES

### The ADRA Does Not Apply Because PWC's Claim Is Not Based On "*A Procurement*" Or "*A Proposed Procurement.*"

DSCP argues that because the third clause of the ADRA – "any alleged violation of statute or regulation in connection with a procurement or a proposed procurement" – is sweeping in scope, jurisdiction over PWC's claim resides with the Court of Federal Claims. (DSCP Reply at 3.) The ADRA, however, applies only to claims asserted by an interested party stemming from *a specific procurement*:

> [T]he Unite[d] States Court of Federal Claims . . . shall have jurisdiction to render judgment on an action by an interested party objecting to *a* solicitation by a Federal agency for bids or proposals for *a proposed contract* or to *a proposed award* or the award of *a* contract or any alleged violation of statute or regulation in connection with *a procurement* or *a proposed procurement*.

28 U.S.C. § 1491(b)(1) (2004) (emphasis added). Every clause of this provision of the ADRA is focused on a *specific* bid, contract, or procurement, whereas PWC is challenging DSCP's omnibus actions that they intend to implement for all past performance communications with other government agencies and how they will constructively debar PWC from *any and all government contracts*.

The glaring distinction between the cases in which the courts have found the ADRA to apply and PWC's complaint is that every case, including those to which DSCP cites, *revolves around a specific existing or proposed procurement*. In its Reply, DSCP cites to *OTI American, Inc. v. United States*, 68 Fed.Cl. 108, 113-114 (Fed.Cl. 2005). (DSCP Reply at 3.) In *OTI*,

2

however, the plaintiff, an incumbent contractor, challenged the contracting agency's decision to eliminate the plaintiff as a bidder in the intermediate stage of a multi-stage contract. 68 Fed.Cl. at 112. As with every case in which the ADRA has been applied, the plaintiff's challenge in *OTI* revolved around a *specific contract*, an element that is lacking in the case at bar.

Similarly, in *Advanced Systems Technology, Inc. v. Barrito*, No. Civ.A. 05-2080ESH, 2005 WL 3211394, at *1-2 (D.D.C. Nov. 1, 2005), "[a]t issue [were] *two bid solicitations* issued by the Army Contracting Agency, Northern Region Contracting Center." *Id.* at *1 (emphasis added). The plaintiff contractor (AST) was challenging the Small Business Administration's code designation that prevented AST from bidding on those *two specific solicitations* (the "008 Solicitation" and the "0011 Solicitation"), and AST sought to enjoin the government from awarding contracts under those *two specific solicitations*. *Id.* at *2. As a result, the court held that the ADRA applied and the case properly belonged in the Court of Federal Claims. *Id.* at *6. Accordingly, it would not be appropriate for the Court of Federal Claims to hear PWC's case. The *Advanced Systems Technology* case is inapposite to the case at bar.

Rather, PWC challenges DSCP's actions because they will constructively debar PWC from all current and future government contract opportunities. As PWC argued in its Opposition, the Court of Federal Claims has explicitly stated that challenges like PWC's do not fall under its jurisdiction. In *Medina Const., Ltd. v. United States,* the Court of Federal Claims rejected a challenge to an agency debarment, finding that as a general rule "such a challenge must be brought in District Court under the Administrative Procedures Act." 43 Fed.Cl. 537, 557 (1999) (internal quotation marks and citation omitted). In some carefully limited cases, the Court of Federal Claims has considered contractors' debarment claims so as to afford "complete relief in bid protest claims," but that court will not consider such claims where the debarment

"only serves to preclude future contracts." *Id.* The case at bar is the very type of claim that the Court of Federal Claims has stated belongs in the District Court.

The requirement that an ADRA claim must stem from a specific procurement or proposed procurement is emphasized by the fact that the plaintiff must be "an interested party." 28 U.S.C. § 1491(b)(1). The Court of Federal Claims defines an "interested party" as an actual or prospective bidder with a direct economic interest in the award or denial of a contract. *See Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1307 (2006). To qualify as a prospective bidder, the Court of Federal Claims requires that "one who has not actually submitted an offer must be *expecting* to submit an offer prior to the closing date of the solicitation." *Id.* at 1308 (citations omitted)(emphasis in original). Since PWC is addressing, in part, procurements in the indefinite future that have not yet even taken the form of a solicitation, it clearly is not an interested party with respect to these future opportunities.[1] Because PWC's claim does not revolve around a specific solicitation, and also covers unnamed future procurements, it is not an interested party and the ADRA does not apply.

---

[1] Assuming *arguendo* that the Court of Federal Claims has jurisdiction over PWC's complaint, which it does not, then PWC would have to file a complaint for injunctive relief for each and every solicitation on which it intends to bid until the conclusion of the DOJ's investigation. This illogical scenario cannot be the case.

### III. CONCLUSION

The ADRA only applies where an "interested party" files a claim that revolves around *a specific procurement or proposed procurement*. PWC has filed no such protest. Rather, PWC challenges DSCP's omnibus decision not to share past performance information and to color its CPARS evaluations with references to the investigation because of their detrimental effect on any and all current and future government contracts which PWC chooses to pursue, for the duration of the DOJ investigation. DSCP's universal abuse of discretion has the effect of constructively debarring PWC from all future government contracts. Because PWC's claim is not focused on *a specific procurement*, and rather seeks the court's intervention to prevent a universal bar to PWC's pursuit of all present and future work, the only place PWC can obtain the equitable relief it seeks is in this Court. Plaintiff PWC respectfully requests that the Court deny Defendants' Motion to Dismiss and grant Plaintiff's Motion for Preliminary Injunction, and any other such relief to which PWC may be entitled.

DATED: April 24, 2007

Respectfully submitted,

/s/ Michael R. Charness
Michael R. Charness
D.C. Bar No. 289322
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6640

ATTORNEYS FOR PUBLIC WAREHOUSING COMPANY K.S.C.

## CERTIFICATE OF SERVICE

I certify that on the 24th day of April, 2007 a true and correct copy of the foregoing was filed and served using the Court's ECF system on the parties as follows:

**Defendants:**

Office of Counsel
Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA 19111

Department of Defense- Office of General Counsel
1600 Defense Pentagon
Washington, DC 20301-1600

Defense Logistics Agency- Office of General Counsel
8725 John J. Kingman Road
STE 1644
Fort Belvoir, VA 22060-6221

Office of Attorney General
U.S. Department of Justice
Room B-103
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Assistant United States Attorney Quan K. Luong – *Via Hand Delivery*
United States Attorney's Office for District of Columbia
501 3rd Street, NW
Washington, DC 20530

/s/ Michael R. Charness
Michael R. Charness