IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., | § § § | |
| v. | § | CIVIL ACTION NO. 1:07cv502 (JDB) |
| | § | |
| DEFENSE SUPPLY CENTER PHILADELPHIA, THE DEFENSE LOGISTICS AGENCY, and THE DEPARTMENT OF DEFENSE. | § § § § | |

## NOTICE OF FILING

During the April 26, 2007 hearing, the Court expressed an interest in whether there was any requirement for an offeror to disclose an ongoing investigation.

Pursuant to the Court's request, we are filing the Federal Acquisition Regulation ("FAR") provision, FAR 52.209-5, which addresses the extent to which an offeror must disclose issues relating to responsibility.

DATED: April 27, 2007

    Respectfully submitted,

  /s/  Michael R. Charness
Michael R. Charness
D.C. Bar No. 289322
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, Suite 600
Washington, D.C. 20004
Telephone:  (202) 639-6780
Facsimile:  (202) 639-6640

ATTORNEYS FOR PUBLIC WAREHOUSING
COMPANY K.S.C.

## **CERTIFICATE OF SERVICE**

      I certify that on the 27th day of April, 2007 a true and correct copy of the foregoing was filed and served using the Court's ECF system on the parties as follows:

*Defendants:*

Office of Counsel
Defense Supply Center Philadelphia
700 Robbins Avenue
Philadelphia, PA  19111

Department of Defense- Office of General Counsel
1600 Defense Pentagon
Washington, DC 20301-1600

Defense Logistics Agency- Office of General Counsel
8725 John J. Kingman Road
STE 1644
Fort Belvoir, VA 22060-6221

Office of Attorney General
U.S. Department of Justice
Room B-103
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Assistant United States Attorney Quan K. Luong –
United States Attorney's Office for District of Columbia
501 3rd Street, NW
Washington, DC 20530

                                              /s/  Michael R. Charness
                                                Michael R. Charness

48 C.F.R. 52.209-5

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
  Title 48. Federal Acquisition Regulations System
    Chapter 1. Federal Acquisition Regulation
      Subchapter H. Clauses and Forms
        Part 52. Solicitation Provisions and Contract Clauses (Refs & Annos)
          Subpart 52.2 Texts of Provisions and Clauses

→ **52.209-5 Certification Regarding Debarment, Suspension, Proposed Debarment, and Other Responsibility Matters.**

As prescribed in 9.409(a), insert the following provision:

Certification Regarding Debarment, Suspension, Proposed Debarment, And Other Responsibility Matters (Dec 2001)

(a)(1) The Offeror certifies, to the best of its knowledge and belief, that--

(i) The Offeror and/or any of its Principals--

(A) Are ( ) are not ( ) presently debarred, suspended, proposed for debarment, or declared ineligible for the award of contracts by any Federal agency;

(B) Have ( ) have not ( ), within a three-year period preceding this offer, been convicted of or had a civil judgment rendered against them for: commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public (Federal, state, or local) contract or subcontract; violation of Federal or state antitrust statutes relating to the submission of offers; or commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, tax evasion, or receiving stolen property; and

(C) Are ( ) are not ( ) presently indicted for, or otherwise criminally or civilly charged by a governmental entity with, commission of any of the offenses enumerated in subdivision (a)(1)(i)(B) of this provision.

(ii) The Offeror has ( ) has not ( ), within a 3-year period preceding this offer, had one or more contracts terminated for default by any Federal agency.

(2) Principals, for the purposes of this certification, means officers; directors; owners; partners; and, persons having primary management or supervisory responsibilities within a business entity (e.g., general manager; plant manager; head of a subsidiary, division, or business segment, and similar positions).

This certification concerns a matter within the jurisdiction of an agency of the United States and the making of a false, fictitious, or fraudulent certification may render the maker subject to prosecution under section 1001, title 18, United States Code.

(b) The Offeror shall provide immediate written notice to the Contracting Officer if, at any time prior to contract award, the Offeror learns that its certification was erroneous when submitted or has become erroneous by reason of changed circumstances.

(c) A certification that any of the items in paragraph (a) of this provision exists will not necessarily result in withholding of an award under this solicitation. However, the certification will be considered in connection with a determination of the Offeror's responsibility. Failure of the Offeror to furnish a certification or provide such additional information as requested by the Contracting Officer may render the Offeror nonresponsible.

(d) Nothing contained in the foregoing shall be construed to require establishment of a system of records in order to render, in good faith, the certification required by paragraph (a) of this provision. The knowledge and information of an Offeror is not required to exceed that which is normally possessed by a prudent person in the ordinary course of business dealings.

(e) The certification in paragraph (a) of this provision is a material representation of fact upon which reliance was placed when making award. If it is later determined that the Offeror knowingly rendered an er-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

roneous certification, in addition to other remedies available to the Government, the Contracting Officer may terminate the contract resulting from this solicitation for default.

(End of provision)

[54 FR 19827, May 8, 1989; 61 FR 2633, Jan. 26, 1996; 65 FR 80265, Dec. 20, 2000; 66 FR 17754, 17756, April 3, 2001; 66 FR 18735, April 11, 2001; 66 FR 66986, Dec. 27, 2001; 66 FR 66990, Dec. 27, 2001]

SOURCE: 48 FR 42478, Sept. 19, 1983; 48 FR 43273, Sept. 22, 1983; 50 FR 52429, Dec. 23, 1985; 54 FR 5054, Jan. 31, 1989; 60 FR 48218, Sept. 18, 1995; 68 FR 28079, 28091, 28097, 28098, May 22, 2003; 68 FR 43856, 43865, 43869, 43874, July 24, 2003; 68 FR 56672, 56683, 56684, 56686, Oct. 1, 2003; 68 FR 69254, 69258, Dec. 11, 2003; 69 FR 1053, Jan. 7, 2004; 69 FR 16149, March 26, 2004; 69 FR 17744, 17770, April 5, 2004; 69 FR 25275, May 5, 2004; 69 FR 34227-34229, 34240, June 18, 2004; 69 FR 59700, 59704, Oct. 5, 2004; 69 FR 76345, 76348, 76353, 76358, Dec. 20, 2004; 69 FR 77872, Dec. 28, 2004; 70 FR 11742, 11752, 11762, 11763, March 9, 2005; 70 FR 14954, March 23, 2005; 70 FR 18959, April 11, 2005; 70 FR 33656, 33659, 33661, 33665, 33673, June 8, 2005; 70 FR 43581, 43582, 43584, July 27, 2005; 70 FR 57459, Sept. 30, 2005; 71 FR 20304, April 19, 2006; 71 FR 38245, July 5, 2006, unless otherwise noted.

AUTHORITY: 40 U.S.C. 121(c); 10 U.S.C. chapter 137; and 42 U.S.C. 2473(c).

48 C. F. R. 52.209-5, **48 CFR 52.209-5**

Current through April 19, 2007; 72 FR 19673

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.