UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC WAREHOUSING COMPANY K.S.C., <br><br> Plaintiff, <br><br> v. <br><br> DEFENSE SUPPLY CENTER PHILADELPHIA, et al., <br><br> Defendants. | Civil Action No. 07-0502 (JDB) |

## ORDER

As the Court issues the Memorandum Opinion and Order resolving this matter, there is occasion to reconsider the Order of April 20, 2007, granting plaintiff's motion for leave to file under seal the amended complaint and plaintiff's supplemental pleadings, and resulting in the filing of all subsequent briefs under seal.

The Court allowed plaintiff to file the amended complaint and related documents under seal based on the representation that sealing was necessary to ensure that the performance evaluation for the PV Bridge contract remained confidential as required by 48 C.F.R. § 42.1503(b).[1]  See Order filed Apr. 20, 2007.  The Court expressed concern about this procedure, however, because most of the information in those documents material to this litigation was already in the public domain.  Id.  Since the issuance of the Order, the Court has

---

[1] This regulation states, in relevant part: "The completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information. Disclosure of such information could cause harm both to the commercial interest of the Government and to the competitive position of the contractor being evaluated as well as impede the efficiency of Government operations." 48 C.F.R. § 42.1503(b).

become aware that plaintiff filed a separate performance evaluation -- one also covered by 48 C.F.R. § 42.1503(b) -- in the public record. Plaintiff clarified at the motions hearing held on April 26, 2007, that it believes the confidentiality of evaluations under section 42.1503 is a privilege that belongs to government contractors and thus may be waived by a contractor, and that plaintiff intentionally filed the PV1 contract evaluation in the public record. Plaintiff explained that, in contrast, it regards information in the PV Bridge evaluation as warranting confidential treatment because it contains allegedly damaging information. Plaintiff further stated that it has appealed that evaluation administratively, and thus does not want to waive confidentiality as to that evaluation. Defendants, in turn, clarified that, although they had no objection to the sealing of the documents, they do not agree with plaintiff's rationale for sealing.

      The Court has reviewed the record and concludes that it is appropriate for the amended complaint, plaintiff's supplemental briefs, and all subsequently filed briefs to be filed on the public record. As the Court previously noted, the core information in those documents that is material to this litigation is already in the public domain -- that is, the reference to the Department of Justice ("DOJ") investigation into certain aspects of plaintiff's conduct under the contract. See Order at 2. That investigation has become a matter of public record through the public filing of plaintiff's complaint and motion for preliminary injunction. See Compl. ¶¶ 11-12; Pl.'s Mem. in Supp. of Prelim. Inj. at 9-10. The parties have also extensively discussed the matters in the sealed briefs at the motions hearing, without a request for sealing of the hearing. It is true, as plaintiff points out, that the PV Bridge evaluation contains information about the DOJ investigation that is more detailed than that set forth in plaintiff's original complaint and motion for preliminary injunction. But plaintiff's amended complaint and supplemental briefs do not discuss the additional details of the DOJ investigation; instead, the sealed briefs refer only to the

general fact of the investigation in the same manner as plaintiff's publicly filed original complaint and motion for preliminary injunction. For these reasons, the Court will unseal the amended complaint [#22], plaintiff's supplemental briefs [#23, #24], defendant's reply brief [undocketed], and plaintiff's surreply [#25]. The Court will, however, allow the performance evaluation for the PV Bridge contract [#15, Ex. 2] to remain under seal because it contains sensitive information that, to date, has not been publicly disclosed, and that information is not material to the resolution of this litigation. Therefore, maintaining the confidential status of the PV Bridge performance evaluation under 48 C.F.R. § 42.1503(b) is reasonable.

Accordingly, it is hereby

**ORDERED** that the Order filed April 20, 2007 is **VACATED** to the extent it grants plaintiff's motion to seal documents; it is further

**ORDERED** that the Clerk of the Court shall place in the public record plaintiff's amended complaint [#22], plaintiff's supplemental briefs [#23, #24], defendant's reply brief [undocketed], and plaintiff's surreply [#25]; and it is further

**ORDERED** that the Clerk of the Court shall maintain under seal the performance evaluation for the PV Bridge contract [#15, Ex. 2].

**SO ORDERED.**

                                                          /s/
                                    JOHN D. BATES
                            United States District Judge

Date:   May 22, 2007